UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRISHA IDEN<br>1830 River Road<br>Zanesville, Ohio 43701<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY an Illinois<br>insurance business corporation<br>3100 Sanders Road, Suite 201<br>Northbrook, IL 60062<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND VIOLATION OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Trisha Iden, for her Complaint against Allstate Vehicle and Property Insurance Company ("Allstate") alleges as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff against Allstate for declaratory relief, breach of contract and violation of the duty of good faith and fair dealing stemming from Plaintiff's claim for insurance coverage for damage to the roof and interior of her home resulting from a snowstorm.

## PARTIES

2. Plaintiff Trisha Iden (formerly Trisha Wilson) is an individual residing in Zanesville, Ohio.

3. Defendant Allstate is an Illinois insurance business corporation with its principal place of business in Northbrook, Illinois. Allstate is an authorized insurance company in Ohio and at all relevant times conducted business and sold insurance policies in Zanesville, Ohio.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over Allstate because Allstate, within the time periods relevant to the claims asserted herein, has been authorized or approved to conduct business in Ohio, has in fact transacted business in Ohio, has contracted to insure persons, property, or risks located within Ohio, and/or has otherwise conducted activities or maintained sufficient contacts to place it within the personal jurisdiction of the Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).

## FACTUAL BACKGROUND

### The House And Home Policy Sold To Iden By Allstate

6. Allstate sold to Iden a House and Home Policy effective September 21, 2021 through September 21, 2022, Policy No. 992 741 094 ("the Policy"). A copy of the Policy is attached as **Exhibit 1**.

7. The Policy insures Iden's residence located at 1830 S River Road, Zanesville, Ohio 43701 (the "Property"), which Iden has owned and Allstate has insured for approximately five years.

8. The policy provides $756,585 in limits for "Dwelling Protection" subject to a deductible, and $75,659 in limits for "Other Structures Protection" subject to a deductible.

9. The Policy provides in part:

> **Section I – Your Property**
> **Dwelling Protection – Coverage A**
> **Property We Cover Under Coverage A:**
> 1. Your dwelling, including attached structures.
>
> \*\*\*
>
> **Other Structures Protection – Coverage B**
> **Property We Cover Under Coverage B:**
> 1. Structures at the address shown on the Policy Declarations separated from your dwelling by clear space.

10. The Policy provides that Allstate "will cover sudden and accidental direct physical loss to property described in **Dwelling Protection-Coverage A and Other Structures Protection – Coverage B** except as limited or excluded in this policy.

11. The Policy further provides that in the event of a covered loss, Allstate will "repair, rebuild or replace all or any part of the damaged, destroyed or stolen property with property of like kind and quality within a reasonable time; or pay for all or any part of the damaged, destroyed or stolen property as described in Condition 5, 'How We Pay For A Loss.'" [Policy (Exh. A) at p. 19, Section I Conditions (4).]

12. Iden has paid all premiums due for the Policy and has complied with all applicable policy conditions.

### Damage Suffered At The Property

13. On or about January 16, 2022, the Property experienced heavy snowfall resulting in approximately a foot of snow on the roof of the house with ice and freezing temperatures.

14. For the first time since she owned the home, extensive damage to the house resulted from the snow and ice, including on the roof and the interior.

15. Significant interior damage occurred in the bedrooms and living areas, including plaster falling down, water damage, distress to interior architectural finishes, a closet collapsed and widespread water damage was found in the attic.

16. The home has a clay tile roof. Inspection of the tile roof revealed significant damage including but not limited to the eaves and flashing, displacement of the gutters, damage to the valley metal, tiles were displaced, detached fasteners and damage to the underlayment.

17. The shingle roof on the detached garage was also damaged.

### The Coverage Claim

18. Iden submitted a claim with Allstate on or about March 18, 2022.

19. On March 25, 2022, Allstate dispatched a field adjuster to inspect and investigate the claim. The adjuster arrived with only a foldout ladder and did not inspect the roof of the home except to view it from afar from on top of the carport. The adjuster informed Iden that there was no damage to the tile roof. The adjuster inspected the interior damage, but despite the extensiveness of the damage, Allstate issued only $3,315.50 (RCV) for repairs. After application of the deductible and over-depreciation, Iden received $1,933.75.

20. Iden retained a contractor to make temporary repairs to the roof in effort to patch the leaks, which did not hold up over time.

21. Iden was thereafter unable to find another contractor to make repairs and pleaded with Allstate to send someone. Allstate did not locate a contractor and took no further action.

22. Months later, Iden retained Precision Construction and Roofing ("Precision") to inspect the roof and damages in effort to resolve the issues. On or about July 6, 2022 Precision sent Allstate numerous photographs of damage to the tile roof including damage caused by ice damming around the eaves, valleys and chimney, which caused tiles to break or become loose, the

fasteners to pull out and damage to the underlayment. Precision relayed to Allstate that extensive repairs were required including replacement of large portions of the tile roof, noting that the tiles were subject to a minimum six-month manufacturing lead time, and that the home be shrink wrapped to protect it from further damage while the claim was pending and until construction could commence. Precision sent Allstate an estimate for wrapping the roof which totaled $18,177.00.

23. In response, on July 25, 2022, Allstate sent Donan Engineering Co. Inc. ("Donan") to inspect the Property. Donan's inspection lasted approximately one hour. Iden retained Orlo Engineering, who inspected the roof on July 25 and 26, 2022.

24. Donan issued a report dated August 2, 2022 which, contrary to Allstate's initial, cursory inspection, concluded that the tile roof and interior did suffer damage resulting from the storm event and ice dams that formed. Donan concluded, however, that only a handful of tiles were affected and could be repaired. Donan concluded that all other damage and tile displacement occurred "due to numerous defects during installation and/or repairs" of the tile roof, that the roof could be repaired and that neither replacement nor shrink-wrapping was necessary.

25. On August 10, 2022, Allstate sent a letter denying coverage for "interior damages around the chimney" and for "clay tile not damaged by the weight of sliding snow or ice" based on two exclusions in its policy, with no further explanation or analysis, which provided:

Losses We Do Not Cover Under Coverages A and B:

D. Under Dwelling Protection-Coverage A and Other Structures Protection-Coverage B of this policy, we do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces…

5

5. a) Wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect;
b) mechanical breakdown;
c) growth of trees, shrubs, plants or lawns, regardless of whether such growth is above or below the surface of the ground;
d) rust or other corrosion:
e) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; or...

11. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
a) planning, zoning, development, surveying, siting;
b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
c) materials used in repair, construction, renovation or remodeling; or
d) maintenance;

[August 10, 2022 Denial Letter, attached as **Exhibit 2**.]

26. Allstate provided an updated estimate dated August 10, 2022, minimally increasing the total estimate to $3,702.70.

27. In response to a follow up request that Allstate authorize that the roof be wrapped pending review of the expert reports and resolution of the claim, Allstate again rejected the request stating that "any leaks are from damages Allstate is not involved in" and that "Allstate could not do anything."

28. Orlo Engineering issued a report dated September 8, 2022, supplemented with additional weather information on October 25, 2022. Orlo found the gutters to be inelastically displaced, the flashings exhibited openings along the downslope end with associated fastener pullout, tiles along the valleys were displaced, loose and easily lifted, along with fastener pry out, consistent with ice damming and forces imparted due to ice jacking occurring as a result of the heavy snowstorm starting on January 16, 2022, followed by a cycle of thawing and refreezing.

29. Donan issued a response dated November 9, 2022 to Orlo's report, maintaining its prior position that the roof could be repaired with replacement of a handful of tiles and reiterating its position that the majority of the damage was caused by prior faulty installation, repairs or damage unrelated to the storm event.

30. On November 11, 2022 Allstate advised Iden that based on Donan's findings, Allstate would not authorize replacement of any more of the tile roof other than what was originally accounted for and that it would not pay to wrap the roof.

31. Meanwhile, the county building inspector has advised that clay tiles removed from the roof may not be reused if they do not pass ASTM testing, which samples previously submitted for testing do not. Further, the manufacturer of the tile has advised that it cannot match the color of the visible, front side of the roof because the existing tile contains lead. The manufacturer has also advised that a minimum of 10 SQ of tile must be ordered. Partial repair of the roof of "like kind and quality" is therefore, not feasible and replacement is required.

32. A complete replacement of the tile roof is estimated to be approximately $357,305.00, repair of the shingle garage roof is estimated to be approximately $16,149.00, and repair of the interior damage is estimated to be approximately $68,550.00, for a total of over $440,000.00.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment)**

33. Plaintiff hereby adopts and incorporates herein all the allegations set forth in paragraphs 1 through 32 of this Complaint, inclusive, as though set forth fully herein.

34. Plaintiff seeks a declaration of the parties' rights and duties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

35. An actual and justiciable controversy exists between Plaintiff and Allstate concerning Allstate's contractual duty to indemnify in full Plaintiff for damages to her Property.

36. The controversy between Plaintiff and Allstate who are citizens of different states is ripe for judicial review.

37. The controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

38. Plaintiffs accordingly seek a declaration from the Court that:

    a. Plaintiff's claim, including full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm is covered loss;

    b. No exclusion applies to preclude or limit coverage for Plaintiff's claim;

    c. Plaintiff has satisfied or been excused from satisfying, or Allstate has waived or is estopped from enforcing, all conditions precedent under the Policy;

    d. Allstate is contractually obligated under the Policy to indemnify Plaintiff for the full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm.

## SECOND CLAIM FOR RELIEF

### (Breach Of Contract)

39. Plaintiff hereby adopts and incorporates herein all the allegations set forth in paragraphs 1 through 38 of this Complaint, inclusive, as though set forth fully herein.

40. The Policy is a valid and enforceable contract between Plaintiff and Allstate.

41. Plaintiff has performed, or is excused from performing, or Allstate has waived or is estopped from insistence upon performance of, all conditions precedent to coverage under the

Policy, including but not limited to payment of required premiums and provision of timely notice of claim.

42. Allstate is contractually obligated under the Policy to indemnify Plaintiff for the full repair and/or replacement of the tile roof, shingle roof and interior damage to the Property, but has declined to honor its contractual obligation to do so.

43. By refusing to provide such coverage as is outlined in the Policy, Allstate has materially breached the Policy.

44. As a direct and proximate result of its breach of the Policy, Allstate has deprived Plaintiff of the benefits of the insurance coverage for which substantial premiums were paid.

45. Plaintiffs' losses as a result of Allstate's breach of contract are in excess of $75,000, the exact amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Violation Of The Duty Of Good Faith And Fair Dealing)

46. Plaintiff hereby adopts and incorporates herein all the allegations set forth in paragraphs 1 through 45 of this Complaint, inclusive, as though set forth fully herein.

47. Allstate has a duty to handle, investigate and make timely determinations and payments of Iden's claim in good faith in connection with the Policy issued by it.

48. Allstate has breached its duty of good faith and fair dealing by, among other things, unreasonably and without justification: (a) failing to adequately inspect the tile roof during its initial investigation of the claim; (b) misrepresenting and/or misleading Iden as to the existence of damage to the tile roof during its initial investigation of the claim; (c) failing and/or refusing to adequately inspect and/or grossly underestimating the extent and value of the interior damage visible during its initial investigation of the claim; (d) ignoring the claim for months until Iden

retained a roofing contractor to inspect and document the damage on the tile roof; (e) unreasonably refusing to authorize payment for the home to be shrink wrapped pending the claim investigation and in light of the lead time required for roof tiles to be manufactured; and (f) refusing without reasonable justification in law or fact to pay for the full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm.

49. Allstate has acted toward Iden with conscious disregard of her rights, and with the intent to vex, injury and annoy her so as to constitute oppression, fraud or malice in breach of its duty of good faith and its fiduciary duty to Iden, justifying punitive damages and exemplary damages in an amount sufficient to punish and make an example.

50. As a result, Iden has been prejudiced in the timely and proper repair of the damage to her home caused by the snowstorm, and has suffered emotional and physical distress which interfered with her ability to work.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment awarding her:

(1) A declaratory judgment in favor of Plaintiff and against Allstate declaring that:

    a) Plaintiff's claim, including full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm is covered loss;

    b) No exclusion applies to preclude or limit coverage for Plaintiff's claim;

    c) Plaintiff has satisfied or been excused from satisfying, or Allstate has waived or is estopped from enforcing, all conditions precedent under the Policy;

    d) Allstate is contractually obligated under the Policy to indemnify Plaintiff for the full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm;

(2) A judicial determination that Allstate has breached the terms of the Policy by failing to indemnify Plaintiff for the full repair and/or replacement of the tile roof, shingle roof and interior damage caused by the snowstorm and awarding Plaintiff compensatory damages in an amount in excess of $75,000 to be proven at trial;

(3) A judicial determination that Allstate has breached its duty of good faith and fair dealing and an award of all damages flowing therefrom;

(4) Consequential and punitive damages as allowed by law;

(5) Plaintiff's attorneys' fees and costs incurred in connection with this suit;

(6) Pre-judgment and post-judgment interest as allowed by law; and

(7) Such other and further relief as this Court finds just and proper.

## JURY TRIAL DEMANDED

Iden requests a trial by jury on all issues so triable.

DATED: January 13, 2023        Respectfully submitted,

/s/ *Jodi D. Spencer*

Jodi D. Spencer (0074139)
J Spencer Law LLC
38109 Euclid Ave.
Willoughby, Ohio 44094
Tel: 216-284-4080
Email: jodi@jspencerlaw.com

*Attorney for Plaintiff*

11